**UNITED STATES of America**

v.

**Joseph WRIGHT, et al.**

**Crim. No. 80–296.**

United States District Court,
E. D. Pennsylvania.

June 19, 1981.

---

12. Certain appellants contend that the magistrates should have recused themselves from further trials after having heard other Whitman Park cases where similar facts and legal issues were presented. 28 U.S.C. § 455(a). There is no rule of law that trying similar cases conduc-

es to a lack of impartiality. The contention is rejected as frivolous.

13. *Butler,* for example, simply holds that proof of a waiver of right may include circumstantial evidence: a written document is not *sine qua non.*

Walter S. Batty, Jr., Daniel B. Huyett, Stephen V. Wehner, Lynell N. Staton, Asst. U. S. Attys., Philadelphia, Pa., for Government-appellees.

Anna Durbin, Edward Weiss, Donald G. Joel, Philadelphia, Pa., for defendants-appellants.

## OPINION

### LOUIS H. POLLAK, District Judge.

In an Opinion filed yesterday, Judge Shapiro and I have addressed certain common questions of law posed by appeals from convictions of thirteen persons found guilty of criminal contempt in bench trials conducted by magistrates. *United States v. Wright,* 516 F.Supp. 1113 (E.D.Pa.1981). We have determined that all the convictions must be set aside for the reason that the waivers executed by each of the thirteen appellants of their entitlement to trial before a district judge were not in conformity with the current statutory provision defining the form of waiver. In accordance with that Opinion, we yesterday entered a joint Order reversing the thirteen convictions.

In our Opinion, Judge Shapiro and I noted that we would, in separate opinions, review the sufficiency of the evidence in the cases for which each of us had particular appellate responsibility. We explained that the purpose of this review would be to determine whether the Government had failed to prove a minimally sufficient factual case as to any of the appellants. A determination that the Government had not made out a sufficient case would, as to that appellant, require the entry of a verdict of acquittal; for to give the Government a chance, at a second trial, to turn insufficient proof into sufficient proof would transgress the double jeopardy clause of the Constitution.

This Opinion examines the evidence adduced as to the five persons—Joseph Wright, John Lafferty, Francis Brown, David Josaphovitch, and William Lafferty—whose convictions, pursuant to a bench trial conducted by Magistrate Naythons, have been appealed to me.

■ The standard of review requires the entry of a verdict of acquittal only if there was not substantial evidence, viewed in the light most favorable to the Government, to uphold a guilty verdict; only a "clear" failure of the Government to meet that burden, *Burks v. United States,* 437 U.S. 1, 17, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978), would preclude a new trial.

The asserted insufficiency of the Government's evidence arises from what appellants perceive as the Government's failure to prove that they had actual notice of Judge Broderick's April 1, 1980 Order. Apparently acknowledging that such proof is required, the Government argues that there was sufficient circumstantial evidence of such notice.

The evidence on this issue consisted of (1) notice of the Order conveyed to the community at large, through newspaper articles, and otherwise, and service of the Order upon certain local community groups opposed to the Whitman Park project,[1] and (2) photographs of certain appellants at the scene of the prohibited demonstrations, taken both before and after an announcement of the Order by United States Marshal Edward Schaffer.[2]

■ The first category of evidence has, however, no relevance where, as here, nothing was introduced showing that any of the appellants either (1) subscribed to or read the newspapers, or (2) was a member of any of the served community groups.

■ The second category of evidence—the photographs—showed that Marshal Schaffer, using an electronic bullhorn, made the announcement to the somewhat noisy crowd in an area roughly one short block long and fifty feet wide. Appellants John Lafferty, David Josaphovitch and Francis Brown were the subjects of photographs taken just before and after Marshal Schaffer's announcement. This is sufficient circumstantial evidence to support the inference that these appellants actually heard the announcement.

---

1. Appellants were not parties to the underlying litigation in *RAB*; accordingly, there has been no suggestion that the entry of the Order alone constituted notice to these appellants.

2. The marshal testified that he identified himself, and told the group "They were in violation of the Injunction Order by blocking an access street to the construction site....I advised them that they had five minutes to disperse or they would be arrested." N.T. 15–16 (July 28, 1980 transcript). This is sufficient notice of the Order's content.

This inference is not, however, available against William Lafferty: he is depicted in videotapes made at his arrest in clothing different from that which he wears in a photograph taken before Marshal Schaffer's announcement, a difference which strongly suggests that Mr. Lafferty was not continuously at the site. Accordingly, as the record does not supply substantial evidence that Mr. Lafferty was present through the period of the announcement, nor otherwise received notice of the order, his conviction will be reversed and a judgment of acquittal entered. Nor is the inference available as to Joseph Wright. He was photographed only after Marshal Schaffer's announcement. The best that can be said is that the photograph apparently was taken before the arrests commenced, which was approximately five minutes after the Marshal's announcement; but nothing more than speculation suggests that Mr. Wright was present, within earshot, when the Marshal made his announcement.

These cases are remanded to Magistrate Naythons for (1) the entry of judgments of acquittal with respect to William Lafferty and Joseph Wright, and (2) further proceedings with respect to John Lafferty, David Josaphovitch and Francis Brown in conformity with the Opinion filed yesterday and this Opinion.